## THE UNITED STATES *v.* SNYDER and another.

*(Circuit Court, D. Minnesota. September, 1881.)*

1. CRIMINAL LAW — FALSE RETURNS BY POSTMASTERS — ACCESSORIES — ACT OF JUNE 30, 1879.

One who aids and abets a postmaster in committing the offence provided against by the provisions of the act of June 30, 1879, which declares that a postmaster makign a false return shall be deemed guilty of a misdemeanor, etc., is guilty of the same offence, and liable to the same punishment, as his principal.

*Wm. W. Billson,* U. S. Atty., for the United States.

*C. D. O'Brien,* for defendant Bertram.

NELSON, D. J. The prisoners, Snyder and Bertram, were arrested on complaint, charging—

"That Snyder and Bertram, the said Snyder being postmaster, did unlawfully and knowingly make to the auditor of the United States, for the post-office, in said Snyder's name, a false return, * * * for the purpose of fraudulently increasing his compensation as such postmaster, under the provisions of the act of June 30, 1879."

The act referred to declares "that the postmaster making a false return shall be deemed guilty of a misdemeanor, and on conviction, punished," etc.

An application is made for the discharge of Bertram, who, it is admitted, is not a postmaster. He was arrested as an aider of the postmaster in the commission of the offence.

The defendant's counsel insist that no person but the postmaster can commit the act made criminal by the statute, and be punished under it. The general doctrine that in misdemeanors all connected with the offence are principals, is conceded; but it is urged that the policy of congress in respect to the postal system, as shown by the numerous laws creating offences, would limit this one and the punishment affixed in this statute to the postmaster. I cannot assent to this view of the law. The act of the postmaster being declared a misdemeanor, it was evidently the intention of congress to make it so for all purposes.

An employe of the postmaster, or a person not connected with the office, has no right to procure or aid in the commission of this offence, and it is not reasonable to suppose congress intended to change the general principle of the law. If it had been enacted that the postmaster who made a false return should be guilty of a felony, the new felony created by the statute has all the incidents it would have at common law, and an accessory before the fact could be punished,

though the act be silent as to accessories. Why not the procurer and aider here? The argument that the abettor and aider should escape the punishment affixed on the statute which declares the act a misdemeanor, does not commend itself to my judgment. See authorities cited in 4 Dill. 410; also, Russ. Crimes.

The prisoner is remanded. Bail fixed.